**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.97-10264

Summary Calendar

PAMELA G. WALT,

Plaintiff-Appellant,

VERSUS

CITY OF DALLAS, A Municipal Corporation of the State of Texas; BEN CLICK, Chief, Dallas Police Department, in his official capacity; WILLIAM RATHBURN, Former Chief of Police, Dallas Police Department, in his official capacity; JOHN WARE, City Manager, in his official capacity; A C GONZALEZ, Assistant City Manager, in his official capacity

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

(95-CV-412)

May 4, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pamela G. Walt ("Walt") appeals a judgment entered following a verdict in favor of the City of Dallas (the "City") in her § 1983 civil rights action alleging that the City had implemented a quota

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

system based on race and gender in executive level promotions for the positions of assistant chief of police and executive assistant chief of police in the Dallas Police Department in violation of her equal protection rights. The jury found that the City had intentionally discriminated against Walt by denying her a meaningful opportunity to be considered for promotion with respect to the executive assistant chief of police position. However, municipalities are only subject to liability under 42 U.S.C. § 1983 if an official policy, custom or practice was responsible for the injury or the deprivation of a federally protected right. *Monell v. Department of Social Servs. of City of New York,* 436 U.S. 658, 694 (1978). The jury further found that the City did not have an official policy or custom of discriminating against white females with respect to that promotion, so that it rendered a take-nothing judgment in favor of the City.

Walt argues that the district court erred by failing to submit her proposed instructions, specifically an instruction that a single discrimination incident is a sufficient basis for holding a municipality liable under § 1983 where the municipality's policy-makers had actual or constructive knowledge of facts sufficient to put them on notice that a failure to act was substantially certain to result in a violation of constitutional rights; and an instruction that the jury could infer a preexisting discriminatory custom, policy or practice from a city policy-maker's subsequent

2

acquiescence in and/or ratification of discriminatory promotions. Finally, she argues that the district court erred in instructing the jury that "[a]n isolated incident cannot be the basis for holding a municipality liable" under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 51 provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Walt failed to specifically object to the trial court's instruction that Walt now assigns as error, and Walt did not object to the trial court's failure to include the proposed jury instructions that are the subject of this appeal. Because the purpose of Rule 51 is to enable the trial court to correct any error it may have made before the jury begins its deliberations, the objection and grounds generally must be stated after the charge and before the jury retires. *Crist v. Dickson Welding, Inc.,* 957 F.2d 1281, 1286 (5th Cir.), *cert. denied,* 506 U.S. 864 (1992). We do not believe that this case falls under the exception to this general rule that failure to object may be disregarded if the objecting party's position has been made clear to the court and it is plain that a further objection would have been unavailing. *See id.* at 1287. Therefore, we conclude that Walt did not preserve her right to appeal the jury charge issue by timely objection.

3

Even assuming that Walt properly preserved for review her objections to the court's charges, we find no error. The district court has broad discretion in formulating the charge and it is under no obligation to couch the charge in terms requested by counsel. *Davis v. Avondale Indus., Inc.,* 975 F.2d 169, 174 (5th Cir. 1992). On appeal, the jury charge must be considered as a whole, and so long as the jury is not misled, prejudiced, or confused, and the charge is comprehensive and fundamentally accurate, it will be deemed adequate. *Id.* at 174-75. We have reviewed the record and the briefs and conclude that the instructions submitted by the trial court defining "official policy or custom" are, as a whole, comprehensive and fundamentally accurate statements of the law. Therefore, we find no error in the trial court's refusal to give Walt's proposed instructions.

The judgment appealed is AFFIRMED.